[624 NYS2d 268]

In the Matter of MICHAEL P. SANCHIRICO, a Suspended Attorney, Respondent. GRIEVANCE COMMITTEE FOR THE NINTH JUDICIAL DISTRICT, Petitioner.

Second Department, March 27, 1995

**APPEARANCES OF COUNSEL**

*Gary L. Casella,* White Plains *(Gloria Bunze* of counsel), for petitioner.

*Haas, Greenstein, Cohen, Gerstein & Starr, P. C.,* New York City *(Robert I. Cantor* of counsel), for respondent.

## OPINION OF THE COURT

Per Curiam.

In this proceeding, the Special Referee sustained the two charges of professional misconduct against the respondent which had been set forth in the petition dated July 25, 1994. The petitioner moves to confirm the Special Referee's report. The respondent cross-moves for an order modifying and supplementing the Special Referee's report to include certain mitigating factors and limiting any additional sanction to be imposed on the respondent to the five-year injunction from real estate securities practice already in place.

Charge One alleges that the respondent was convicted of a serious crime within the meaning of Judiciary Law § 90 (4) (d) and within the meaning of section 691.7 (b) of the Rules Governing the Conduct of Attorneys within this Department (22 NYCRR). On March 21, 1994, the respondent pleaded guilty before the Honorable Jack Mackston of the Nassau County Court, Trial Term, Part VI, to a charge of intentional real estate securities fraud, in violation of General Business Law § 352-c (1) (c) (iv), a class A misdemeanor. The crime of which the respondent was convicted involves false swearing, misrepresentation, or fraud.

The respondent was sentenced for the aforesaid crime to a term of probation of three years conditioned upon a voluntary five-year injunction from real estate securities practice.

Charge Two alleges that the respondent has been guilty of engaging in conduct involving dishonesty, fraud, deceit, or misrepresentation, and conduct that adversely reflects on his fitness to practice law in violation of Code of Professional Responsibility DR 1-102 (A) (4) and (8) (22 NYCRR 1200.3 [a] [4], [8]).

After reviewing all of the evidence adduced, we find that the respondent is guilty of both charges of professional misconduct. Accordingly, the petitioner's motion to confirm the Special Referee's report is granted and the respondent's cross motion is denied.

In determining an appropriate measure of discipline to impose, we have taken into consideration the immense pressure which was brought to bear upon the respondent by the sponsors of the subject development and the character letters submitted by the respondent attesting to his integrity and high moral standards. Under the totality of circumstances, the

respondent is suspended from the practice of law for a period of one year.

MANGANO, P. J., BRACKEN, SULLIVAN, BALLETTA and LAWRENCE, JJ., concur.

Ordered that the petitioner's motion to confirm the report of the Special Referee is granted; and it is further,

Ordered that the respondent's cross motion is denied; and it is further,

Ordered that the respondent, Michael P. Sanchirico, is suspended from the practice of law for a period of one year, commencing immediately, and continuing until the further order of this Court, with leave to the respondent to apply for reinstatement no sooner than six months prior to the expiration of the one-year period upon furnishing satisfactory proof (a) that during that period he refrained from practicing or attempting to practice law, (b) that he has fully complied with this order and with the terms and provisions of the written rules governing the conduct of disbarred, suspended, and resigned attorneys (22 NYCRR 691.10), and (c) that he has otherwise properly conducted himself; and it is further,

Ordered that pursuant to Judiciary Law § 90, during the period of suspension and until the further order of this Court, the respondent, Michael P. Sanchirico, is commanded to continue to desist and refrain from (1) practicing law in any form, either as principal or agent, clerk or employee of another, (2) appearing as an attorney or counselor-at-law before any court, Judge, Justice, board, commission, or other public authority, (3) giving to another an opinion as to the law or its application or any advice in relation thereto, and (4) holding himself out in any way as an attorney and counselor-at-law.